UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGIL C. SHADE,<br><br>              Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>              Defendant. | Case No. C15-1180-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Virgil C. Shade filed an action seeking review of the denial of his applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability benefits on July 27, 2015. Dkt. 3. On April 4, 2016, the Commissioner moved to remand this action because she has been unable to locate both the ALJ's December 5, 2013 decision, and the recording of Mr. Shade's June 6, 2013 hearing.[1] Dkt. 18. The parties agree the case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g). Dkts. 24, 25. The only issue before the Court is whether the scope of remand should preclude the Commissioner from reopening a

---

[1] The Commissioner continued the date by which she would answer Mr. Shade's complaint on January 4, 2016; February 3, 2016; and on March 4, 2016, with no objection from Mr. Shade. Dkts. 9, 12, 15.

REPORT AND RECOMMENDATION - 1

different claim.² The Court recommends the motion for remand be **GRANTED** and the case be **REMANDED** to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g), as discussed below.

## DISCUSSION

Sentence six remands are appropriate in two situations: where the Commissioner requests a remand for good cause before answering a claimant's complaint, or where new and material evidence is presented to the Court that was for good cause not presented before the agency. *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Sentence six remands are not final judgments. Under sentence six, the Court retains jurisdiction over the action pending further administrative development of the record. *See Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991).

In this case, the Commissioner requests remand before answering Mr. Shade's complaint because neither the ALJ's decision, nor the recording of Mr. Shade's hearing, has been located. Dkt. 18. The Court agrees with the parties that the Commissioner has shown good cause to remand this matter pursuant to sentence six. *See* Dkts. 18, 24, 25. However, as the Court understands the arguments, the parties dispute the appropriate scope of remand assuming a new hearing and decision will be required. The Commissioner proposes that, upon remand, the Appeals Council will "review any materials submitted by Plaintiff's representative, and, if all the materials including the hearing records are complete, the certified administrative record should be prepared. If not, the Appeals Council should remand the case to an ALJ for reconstruction of the administrative record and to hold another hearing and issue a new decision." Dkt. 18 at 1.

---

² The parties' briefing alludes to a subsequent SSI claim, but otherwise refers generally to "other" claims in the hypothetical. The parties do not explain the concerns underlying their positions, but it is clear to this Court that each party's concerns are evident to the other.

REPORT AND RECOMMENDATION - 2

Mr. Shade proposes that, upon remand, the Commissioner "shall complete the record by holding a new hearing and issuing a new decision for the period at issue in this matter, February 3, 2010, through December 5, 2013." Dkt. 24 at 3.

The Commissioner contends that remand in this case entitles her to reopen Mr. Shade's other applications in the course of adjudicating this matter (the Court gathers from the rather cryptic briefing that Mr. Shade was granted SSI benefits in a subsequent claim). Dkt. 18; Dkt. 24 n. 1. She cites *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982) for the proposition that, on remand, this Court may not constrain the ALJ regarding reopening another application because the decision to reopen is purely discretionary. Dkt. 18 at 2. The opinion is not exactly on point. In *Davis*, the Ninth Circuit examined whether the Secretary of Health and Human Services erred in *refusing* to reopen an application for disability benefits, and held that such a refusal was purely discretionary and not subject to review by the Courts. This was so because a refusal to reopen an application is not a "final," and therefore reviewable, decision. *Davis*, 665 F.2d at 935.

In contrast, Mr. Shade contends that remand in this case should be limited to "completing the record as to the period at issue in the decision being appealed." Dkt. 24 at 3. She cites sentence seven of 42 U.S.C. § 405(g), which provides: "[s]uch additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision," to suggest that evidence outside the scope of the decision at issue in this case (i.e., Mr. Shade's other claim[s]) may not be considered on remand. As the Commissioner correctly notes, however, the seventh sentence of § 405(g) refers not to the Commissioner's review of a remanded decision, but to this Court's review of a decision made after a sentence six remand. *See* 42 U.S.C. § 405(g); Dkt. 25 at 3; *cf. Sullivan v. Finkelstein*, 496

REPORT AND RECOMMENDATION - 3

U.S. 617, 627 (1990).

The Court finds that resolution of the parties' dispute lies somewhere in the middle. The Social Security Administration's regulations impose limitations in reopening disability determinations. For example, a decision regarding eligibility for DIB benefits may be reopened "(a) [w]ithin 12 months of the date of the notice of the initial determination, for any reason; (b) [w]ithin four years of the date of the notice of the initial determination if we find good cause;" or (c) at any time if the decision was obtained by fraud or other specified circumstances. 20 C.F.R. § 404.988; *see also* 20 C.F.R. § 416.1488 (similar to the conditions enumerated in § 404.988 except good cause to reopen a case is limited to two years of the date of the notice of initial determination). Thus, while the decision to reopen a claim is discretionary, the Commissioner is not entitled to reopen any claim willy-nilly; remand in this case does not by itself warrant the reopening of Mr. Shade's other claims. However, under sentence six, the Court retains jurisdiction over *this* action only, and may neither limit, nor review the Commissioner's reasons for reopening any other claim. *See Melkonyan*, 501 U.S. at 101–02. For these reasons and on the facts before it, the Court can neither order, nor limit, the reopening of Mr. Shade's hypothetical applications.

## CONCLUSION

For the foregoing reasons, the Court recommends **FINDING** that good cause exists to remand this matter and **REMANDING** this case pursuant to sentence six of 42 U.S.C. § 405(g) as follows:

1) On remand, the Appeals Council shall attempt to locate the missing records relating to the ALJ's decision dated December 5, 2013. If the Appeals Council cannot locate the missing records, it shall promptly reconstruct them. If the Appeals Council locates or reconstructs the

missing records, it shall then determine if the file is complete. If the file is complete, the Appeals Council shall prepare a certified administrative record.

2) If the missing records cannot be located or reconstructed, and the Appeals Council determines that the file is not complete, it shall remand the case to an ALJ, who shall hold a new hearing and issue a new decision on this claim.

3) The Court will retain jurisdiction over the case pursuant to 42 U.S.C. § 405(g). The parties shall promptly notify the Court as to the outcome of the final administrative decision in this case. Additionally, within 90 days after the decision becoming administratively final, the parties shall either file before this Court notice of a favorable administrative decision, or, if the decision is unfavorable to Mr. Shade, the Commissioner shall file the administrative record so that Mr. Shade may seek judicial review by reinstating this case.

A proposed order accompanies this Report and Recommendation. Objections, if any to this Report and Recommendation must be filed and served no later than **May 18, 2016**. If no objections are filed, the matter will be ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect your right to appeal.

DATED this 4th day of May, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5